IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| AFRICAN IMMIGRANT RIGHTS COUNCIL,<br><br>    Plaintiff,<br><br>    v.<br><br>UR JADDOU, et al.,<br><br>    Defendants. | Case No. 8:24-cv-02584-LKG |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants, the United States Citizenship and Immigration Services ("USCIS" or the "Agency") and USCIS Director Ur Jaddou (together, "Defendants"), through their counsel, Erek L. Barron, United States Attorney for the District of Maryland, and Matthew T. Shea, Assistant United States Attorney for that district, submit this memorandum of law in support of their motion for summary judgment.

**I.    INTRODUCTION**

This case involves a FOIA request purportedly made by the deceased former President of Tanzania, which was sent from an invalid Maryland address.  The single requested record has been produced and made publicly available on the USCIS website, thereby rendering moot both counts of the Complaint.  The only remaining issue before the Court is whether a redacted portion of the five-page record was properly withheld pursuant to 5 U.S.C. § 552(b)(7)(E).  Because the redacted piece fits squarely within this exemption for records that would reveal techniques and procedures for law enforcement investigations, summary judgement should be granted.

1

## II.     BACKGROUND

On September 6, 2024, Plaintiff African Immigrant Rights Council ("Plaintiff" or "AIRC"), which is a limited liability company, filed its Complaint for Declaratory and Injunctive Relief (the "Complaint"). *See* ECF No. 1. In the Complaint, Plaintiff seeks to compel Defendants to disclose records requested under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

The FOIA request at issue was directed to U.S. Citizenship and Immigration Services ("USCIS"). The request was submitted by Julius Nyere, and the signature block in the letter attached with the FOIA request indicates that Julius Nyere is "President Emeritus" of African Immigrant Rights Council LLC. Exhibit A, J.R. 9.[1] A search of the Maryland State Department of Assessments and Taxation (SDAT) Business Entities database shows that AIRC's "date of formation/registration" was May 17, 2024. *See* Maryland State Department of Assessments and Taxation, Maryland Business Express, *available at* https://egov.maryland.gov/BusinessExpress/EntitySearch/Search (search "African Immigrant Rights Council" in "business name" field) (last accessed December 11, 2024). According to an obituary published in the *Guardian*,[2] Julius Nyere, who was a former president of Tanzania, died more than twenty-five years ago in 1999. *See Obituary: Julius Nyere*, THE GUARDIAN (Oct.

---

[1] All exhibits cited herein are attached to the Declaration of James Baxley ("Baxley Declaration"). Pursuant to the Case Management Order (ECF No. 14), the Baxley Declaration and attached exhibits will be submitted as part of the Joint Record at the conclusion of briefing on this motion.

[2] "The Court may take 'judicial notice of factual information found on the world wide web.'" *Luma v. Dib Funding, Inc.*, No. CV ELH-20-2504, 2022 WL 181156, at *3 n.4 (D. Md. Jan. 19, 2022) (quoting *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007)).

14, 1999), https://www.theguardian.com/news/1999/oct/15/guardianobituaries (last accessed December 11, 2024).[3]

> Plaintiff's FOIA request to USCIS was for:
>
> revised guidance to Asylum Officers to consider whether an asylum seeker could reasonably relocate to another part of the country of feared persecution when assessing claims of future persecution in all credible fear cases that was issued on May 9, 2024. This 'revised guidance' is mentioned in the May 9, 2024 DHS Press Release.

ECF No. 1 at ¶ 8; *see* Exhibit A, J.R. 8. On October 7, 2024, USCIS produced the requested information. *See* Exhibit C, J.R. 12. As explained in an October 7, 2024 letter to Julius Nyerere, five responsive pages were identified. *Id.* Three of those responsive pages were released in full, and two were released in part. *Id.* As explained in the letter, the redactions on the two pages were made pursuant to FOIA Exemption (7)(E). *See* 5 U.S.C. § 552 (b)(7)(E).

USCIS attempted to send the October 7, 2024 letter to Julius Nyerere at the address provided in the FOIA request. Baxley Declaration ¶ 8, J.R. 3. The attempt to send the letter via United Parcel Service (UPS) failed, however, because the address could not be verified. *Id.*; Exhibit D, J.R. 13. A subsequent Google Maps search confirmed that the provided address does not exist. Baxley Declaration ¶ 9, J.R. 3.

Plaintiff's Complaint also alleges the "revised guidance" sought by AIRC was requested by more than three other entities, and "[t]herefore, Defendant has the duty to 'make available for public inspection in an electronic format' the record that plaintiff requested, as mandated by 5 U.S.C. § 552(a)(2)(D)(ii)." ECF No. 1 at ¶ 25. USCIS has done so. Baxley Declaration ¶ 15, J.R.

---

[3] The only Julius Nyerere listed on AIRC's website is the deceased former President of Tanzania. AIRC's website explains that the "organization draws profound inspiration from the late President Julius Kambarage Nyerere of Tanzania." *See* https://africanimmigrantrightscouncil.com/ (scroll down on homepage to "Our Inspiration") (last accessed December 11, 2024).

5. The Agency made the requested record publicly available by posting it on the USCIS public reading room on October 7, 2024. *Id*. The record can be accessed at the following web address: https://www.uscis.gov/sites/default/files/document/memos/May92024DHSPressRelease.pdf (last accessed December 11, 2024).[4]

### III.  STANDARD OF REVIEW:  SUMMARY JUDGMENT UNDER RULE 56(a)

Summary judgment is appropriate when "'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law,' based on the 'materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations … , admissions, interrogatory answers, or other materials.'" *Hardwick ex rel. Hardwick v. Heyward*, 711 F.3d 426, 433 (4th Cir. 2013) (quoting FED. R. CIV. P. 56(a), (c)). An issue of fact is "genuine" only if the evidence is such that a reasonable factfinder could find for the non-moving party. *See Celotex v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is "material" only if it could affect the outcome of the case under the general applicable standard. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The mere existence of some alleged factual dispute in the case, however, will not defeat an otherwise properly supported summary judgment motion. *See id.* at 247-48.

Once the movant presents a properly supported motion for summary judgment, the burden shifts to the non-movant to set forth specific facts, through affidavits or other evidence, that there is a genuine issue for trial. *See* FED. R. CIV. P. 56(e). "The nonmoving party, however, cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

---

[4] The responsive document at issue in this case, which is publicly available at the above web address, is cited herein as the "Record."

FOIA cases are generally resolved on summary judgment. *See Am. Mgmt. Servs. v. Dep't of the Army*, 703 F.3d 724, 735 (4th Cir. 2013); *Moore v. United States*, No. 1:13-cv-02353, 2014 WL 2575765, at *2 (D. Md. June 6, 2014). To prevail on a summary judgment motion, the agency must prove that it conducted an adequate search for responsive records and that each responsive record was either produced to the plaintiff or exempt from disclosure. *See Nicholas v. NSA*, No. 1:05-cv-02800, 2006 WL 4071922, at * 1 (D. Md. May 11, 2006); *see also Taitz v. Astrue*, 806 F. Supp. 2d 214, 217 (D.D.C. 2011).

If an agency has redacted information or withheld documents in response to a FOIA request, the agency must show that it properly invoked any FOIA exemptions. *See* 5 U.S.C. § 552(a)(4)(B); *Dep't of State v. Ray*, 502 U.S. 164, 173 (1991). The agency can satisfy its burden through affidavits, declarations, or other evidence showing that the information is exempt from disclosure. *See, e.g.*, *Bowers v. U.S. Dep't of Just.*, 930 F.2d 350, 357 (4th Cir. 1991) ("If the government fairly describes the content of the material withheld and adequately states its ground for nondisclosure, and if those grounds are reasonable and consistent with the applicable law, a district court should uphold the government's position.") (quoting *Spannaus v. DOJ*, 813 F.2d 1285 (4th Cir. 1987)). "To prevail over this presumption a requestor must demonstrate a material issue by producing evidence, through affidavits or other appropriate means, … suggesting bad faith." *Havemann v. Colvin*, 629 F. App'x 537, 539 (4th Cir. 2015).

Defendants' declarant is James Baxley, the Associate Center Director and Chief FOIA Officer in the FOIA/PA Unit, National Records Center, USCIS. Baxley Declaration ¶ 1, J.R. 1. In his role, Mr. Baxley supervises over 200 information access professionals responsible for the orderly processing of all public, congressional, judicial, and inter- and intra-agency requests or demands for access to USCIS records and information under the FOIA, Privacy Act, Executive

Orders, departmental directives, regulations, and compulsory legal process. *Id.* ¶ 2, J.R. 1-2. The Baxley Declaration describes in detail the justification for withholding the redacted portion of the document.

## IV.     ARGUMENT

"The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *Casa de Md., Inc. v. U.S. Dep't of Homeland Sec.*, 409 F. App'x 697, 699 (4th Cir. 2011) (quoting *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978)). Thus, under FOIA, when a person or entity makes a specific and reasonable request for records from a federal agency, the agency must make the responsive records available. *See* 5 U.S.C. § 552(a)(3)(A); *Am. Mgmt. Servs.*, 703 F.3d at 728. Because public disclosure may not always be in the public interest, however, FOIA contains nine exemptions designed to safeguard various public interests against the harms that would arise from overbroad disclosure. *See Am. Mgmt. Servs., LLC*, 703 F.3d at 728. Although courts narrowly construe the nine FOIA exemptions, "even such narrow construction does not imply that disclosure is always called for." *Sung Bal Cho v. USDA*, No. 1:05-cv-01456, 2006 WL 8456574, at *2 (D. Md. May 3, 2006).

Based on the record, Defendants[5] contend that the Agency's actions in responding to the FOIA request were fully justified and that, as a result, the Court should grant Defendants' motion for summary judgment.

---

[5] Plaintiff improperly names Ur Jaddou, the Director of USCIS, as a Defendant. "It is well established that '[i]ndividual federal employees are not subject to suit under FOIA.'" *Ferguson v. Alderson Fed. Prison Camp*, No. CV 1:18-00180, 2018 WL 7820739, at *6 (S.D.W. Va. Oct. 17, 2018), *report and recommendation adopted*, No. 1:18-CV-00180, 2019 WL 1301975 (S.D.W. Va. Mar. 21, 2019); *see also Thomas v. Fed. Aviation Admin.*, No. CIV.A. 05-2391(CKK), 2007 WL 219988, at *3 (D.D.C. Jan. 25, 2007) ("The only proper defendant in a FOIA case is a federal

### A. IT IS UNDISPUTED THAT THE ONE REQUESTED RECORD WAS PRODUCED TO PLAINTIFF AND IS PUBLICLY AVAILABLE

The Complaint includes two causes of action. Both are moot. In the First Cause of Action, Plaintiff alleges that USCIS is in violation of the FOIA because it did not provide the requested record to Plaintiff. *See* ECF No. 1 at ¶¶ 18-21. As explained above, USCIS produced the requested Record on October 7, 2024. Baxley Declaration ¶ 7, J.R. 3. The production of the only requested document renders Plaintiff's First Cause of Action moot. *See Louise Trauma Ctr., LLC v. United States Citizenship & Immigr. Servs.*, No. CV RDB-23-2846, 2024 WL 3555043, at *4 (D. Md. July 26, 2024) ("Indeed, Fourth Circuit precedent dictates that once production of documents occurs in line with a FOIA request, the FOIA action becomes moot insofar as it is predicated only upon a lack of production.") (citing *Reg'l Mgmt. Corp. v. Legal Servs. Corp.*, 186 F.3d 457, 464 (4th Cir. 1999)).

In the Second Cause of Action, Plaintiff alleges that USCIS is in violation of the FOIA because the "revised guidance" sought by AIRC was requested by more than three other entities, and "[t]herefore, Defendant has the duty to 'make available for public inspection in an electronic format' the record that plaintiff requested, as mandated by 5 U.S.C. § 552(a)(2)(D)(ii)." ECF No. 1 at ¶ 25. Again, as discussed above, USCIS has made the document publicly available by posting it on the USCIS public reading room on October 7, 2024. Baxley Declaration ¶ 15, J.R. 5. Thus, the Second Cause of Action is moot, too.

### B. DEFENDANTS PROPERLY ASSERTED FOIA EXEMPTION 7(E)

FOIA Exemption 7(E) protects from mandatory disclosure records compiled for law enforcement purposes if release "would disclose techniques and procedures for law enforcement

---

agency. Individual federal employees are not subject to suit under FOIA.") (internal citations omitted).

investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E).  As a threshold matter, this Court has previously explained that "there can be no genuine dispute in this case that the USCIS is a law enforcement agency for purpose of applying FOIA Exemptions 7(C) and 7(E)." *Yadav v. U.S. Citizenship & Immigr. Servs.*, No. 22-CV-00420-LKG, 2023 WL 5671621, at *10 (D. Md. Sept. 1, 2023) ("courts have long recognized that the USCIS is a law enforcement agency."); *see Ibrahim v. United States Dep't of State*, 311 F. Supp. 3d 134, 143 (D.D.C. 2018) ("USCIS is a law enforcement agency."); *Grey v. Cuccinelli*, No. 9:18-CV-01764-DCN, 2020 WL 3104744, at *8 (D.S.C. June 11, 2020) ("the court is convinced that USCIS is a law enforcement agency for purposes of invoking Exemption 7(E).").

Courts have upheld the Government's use of Exemption 7(E) where there are particular techniques or procedures in the documents and where it "goes beyond the legitimate public interest." *Putnam v. United States*, 873 F. Supp. 705, 717 (D.D.C. 1995).  Essentially, Exemption 7(E) "protects law enforcement agencies from being required to provide information that might help criminals avoid apprehension." *Epps v. DOJ*, 801 F. Supp. 787, 795 (D.D.C. 1992), *aff'd in pertinent part and vacated in other part*, 995 F.2d 305 (D.C. Cir. 1993).  As one court in this District explained:

> Exemption 7(E) sets a relatively low bar for the agency to justify withholding: Rather than requiring a highly specific burden of showing how the law will be circumvented, exemption 7(E) only requires that the [agency] demonstrate logically how the release of the requested information might create a risk of circumvention of the law.

*Cath. Legal Immigr. Network, Inc. v. United States Citizenship & Immigr. Servs.*, No. TJS-19-1511, 2020 WL 5747183, at *12 (D. Md. Sept. 25, 2020) (quoting *Blackwell v. FBI*, 646 F.3d 37, 42 (D.C. Cir. 2011)).

8

Here, the Agency withheld one section of the one responsive document at issue (the redacted section includes parts of pages four and five). *See* Record at 4-5. The Baxley Declaration explains what was redacted: "The information withheld was the credible fear checklist used by Immigration Officers to evaluate whether a noncitizen has demonstrated a significant possibility of establishing eligibility for asylum, statutory withholding of removal, or protection under the Convention Against Torture (CAT)." Baxley Declaration ¶ 13; J.R. 4. The Baxley Declaration also explains why the credible fear checklist was withheld pursuant to Exemption 7(E):

> Even if the law enforcement procedures and techniques on the checklist are generally known, the release of the checklist used to verify eligibility for asylum may reduce or nullify the procedures and techniques by allowing those seeking the benefits to tailor their responses to USCIS employees in such a way as to demonstrate eligibility even if the facts are not as they represent. Thus, the disclosure of this information would reveal procedures and techniques for the enforcement of immigration and national security laws and directives, and could reasonably be expected to risk the circumvention of law.

*Id.* Mr. Baxley further explained that the "information withheld from the Plaintiff would cause a foreseeable harm to the agency if released by providing the law enforcement techniques and procedures used to verify eligibility for asylum allowing those seeking those benefits to alter their behaviors or answers to inquiries made by USCIS employees making recommendations on granting the benefits sought from the agency." *Id.* ¶ 14, J.R. 5. Further, Mr. Baxley affirmed that all segregable information was released. *Id.*

Exemption 7(E) was properly applied to the redacted checklist in this case. Disclosure of this information would provide a roadmap of certain federal law enforcement techniques and procedures utilized by Immigration Officers. This information would enable those seeking asylum to tailor their interactions with and submissions to USCIS and avoid detection of disqualifying information, thereby circumventing the law. Accordingly, the withheld information was plainly exempt from disclosure under Exemption 7(E). *See, e.g.*, *Yadav*, 2023 WL 5671621, at *11

9

("Defendants have also shown that the release of these records might create a risk of circumvention of the law, because the records contain information about the law enforcement techniques and procedures utilized during immigration fraud investigations."); *Am. Immigration Lawyers Ass'n v. U.S. Dep't of Homeland Sec.*, 852 F. Supp. 2d 66, 79 (D.D.C. 2012) (finding that disclosure of fraud indicators "reasonably could lead to circumvention of laws or regulations," as they could "provide a 'roadmap' or 'guidance' to those looking to circumvent the law, which would thwart future law enforcement efforts").

## V. CONCLUSION

For the reasons set forth above, the Court should grant Defendants' motion for summary judgment.

Respectfully submitted,

Erek L. Barron
United States Attorney

\_\_\_\_\_/s/_____
Matthew T. Shea (Bar No. 19443)
Assistant United States Attorney
36 S. Charles Street, Fourth Floor
Baltimore, Maryland 21201
(410) 209-4800
Matthew.Shea2@usdoj.gov

*Counsel for Defendants*