IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| AFRICAN IMMIGRANT RIGHTS COUNCIL, <br><br> Plaintiff, <br><br> v. <br><br> UR JADDOU, et al., <br><br> Defendants. | Case No. 8:24-cv-02584-LKG |

**REPLY IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants, the United States Citizenship and Immigration Services ("USCIS" or the "Agency") and USCIS Director Ur Jaddou (together, "Defendants"), through their counsel, Erek L. Barron, United States Attorney for the District of Maryland, and Matthew T. Shea, Assistant United States Attorney for that district, submit this memorandum of law in support of their motion for summary judgment.[1]

**I.      INTRODUCTION**

In its opening brief, the Agency succinctly explained that this FOIA case involves a single redacted section in a single responsive record, which has already been produced and publicly posted online. Plaintiff's lengthy response includes many irrelevant things, including (1) a two-page discussion of Immigration and Customs Enforcement (ICE), which is not involved in this case in any capacity; (2) a meandering discussion of the difference between the words "and" and "or"; and (3) summaries of out-of-circuit caselaw with no relevance to this matter. But the twenty-

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Memorandum of Law in Support of Defendant's Motion for Summary Judgment (ECF No. 17-1; the "Motion"). The Opposition of African Immigrant Rights Council to Defendants' Motion for Summary Judgment (ECF No. 18) is cited herein as the "Opposition."

1

one-page Opposition is more notable for what is does *not* include – namely, any authority for Plaintiff's made-up requirement to make a public announcement about a publicly released document. Plaintiff also does not deny that the Julius Nyerere who purportedly signed the FOIA request is the deceased former President of Tanzania, and it likewise fails to offer any explanation as to how a person who died more than twenty-five years ago submitted the FOIA request at issue.

## II. ARGUMENT

### A. SUMMARY JUDGMENT IS WARRANTED ON THE SECOND CAUSE OF ACTION

In the Second Cause of Action, Plaintiff alleges that USCIS is in violation of the FOIA because the "revised guidance" sought by AIRC was requested by more than three other entities, and "[t]herefore, Defendant has the duty to 'make available for public inspection in an electronic format' the record that plaintiff requested, as mandated by 5 U.S.C. § 552(a)(2)(D)(ii)." ECF No. 1 at ¶ 25. As explained in the Motion, USCIS has already made the document publicly available by posting it on the USCIS public reading room on October 7, 2024. Baxley Declaration ¶ 15, J.R. 5. Plaintiff does not dispute that the document is publicly available. *See generally* Opposition at 5. Thus, the second cause of action is moot, and summary judgment should be granted.

Plaintiff argues that in addition to posting the material in the reading room, "the agency must make a public announcement that the 'revised guidance' has been put into the reading room." Opposition at 6. But the FOIA statute requires no such announcement. Indeed, Plaintiff concedes that "the statute does not expressly state that there must be a public announcement" and argues instead that "the duty to make such an announcement is implied." *Id.* The Court cannot read requirements that do not exist into the statute, and even Plaintiff admits elsewhere in its brief that "Congress knows how to use words. … It is the job of the courts to enforce the statute as it is written." Opposition at 13. Because, as the parties agree, the Court's role is to apply the statute

as written, it cannot add some implied duty that Congress never wrote into the statute. *See Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U. S. 189, 194 (1985) ("Statutory construction must begin with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose").

### B. SUMMARY JUDGMENT IS WARRANTED ON THE FIRST CAUSE OF ACTION

This Court has previously explained that "there can be no genuine dispute in this case that the USCIS is a law enforcement agency for purpose of applying FOIA Exemptions 7(C) and 7(E)." *Yadav v. U.S. Citizenship & Immigr. Servs.*, No. 22-CV-00420-LKG, 2023 WL 5671621, at *10 (D. Md. Sept. 1, 2023). Plaintiff appears to challenge this conclusion by stating that "Asylum officers work inside USCIS. They do not carry guns; they do not have authority to arrest. They must conduct interviews in a 'non adversarial' manner." Opposition at 8. But these statements are beside the point; it does not matter whether an officer at USCIS carries a gun or makes arrests.[2] What matters is, as this Court explained in *Yadav*, "courts have long recognized that the USCIS is a law enforcement agency." 2023 WL 5671621, at *10.

Because USCIS is a law enforcement agency, it can apply Exemption 7(E) to withhold records if release "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). In the Motion, the Agency quoted the Baxley Declaration and explained the

---

[2] For purposes of Exemption 7, law enforcement can mean both civil and criminal law enforcement. *See Jud. Watch, Inc. v. Rossotti*, No. 01-2672, 2002 WL 31962775, at *6 (D. Md. Dec. 16, 2002) (ruling that letters written by citizens concerned about plaintiff's compliance with IRS laws were compiled for "civil law enforcement purposes"), aff'd sub nom. *Jud. Watch, Inc. v. United States*, 84 F. App'x 335 (4th Cir. 2004). Thus, the fact that the law being enforced by USCIS is civil and not criminal does not defeat the law enforcement threshold.

straightforward reasons the credible fear checklist was redacted – namely, that release of the checklist would provide a roadmap of certain techniques and procedures utilized by Immigration Officers that would allow those seeking asylum to tailor their responses, thereby circumventing the law. *See* Motion at 9-10. For the reasons stated in the Motion and the Baxley Declaration – none of which are directly rebutted by Plaintiff – the Court should grant summary judgment.

In its Opposition, Plaintiff makes an array of arguments ranging from the statutory text of FOIA to comparisons between checklists and lesson plans. Though none of these irrelevant arguments change the outcome here, Defendants briefly respond to each below.

***<u>The release of similar "Lesson Plans" (Opposition at 8-12).</u>*** Plaintiff argues that other FOIA releases of what Plaintiff deems to be similar material in "Lesson Plans" negates the ability to withhold this material pursuant to Exemption 7(E) in this matter. But Plaintiff does not allege that the specific material in this case has previously been released. It is Plaintiff's burden to establish that this specific information has already been released. *See Assassination Archives & Rsch. Ctr. v. CIA*, 334 F.3d 55, 60 (D.C. Cir. 2003) (holding that plaintiff must show that previous disclosure duplicates specificity of withheld material); *Pub. Citizen v. Dep't of State*, 276 F.3d 634, 645 (D.C. Cir. 2002) (reaffirming that burden is on requester to identify "'specific information in the public domain' that might 'duplicate that being withheld'") (quoting *Afshar v. Dep't of State*, 702 F.2d 1125, 1130 (D.C. Cir. 1983)). Further, even if Plaintiff can establish the release of certain similar documents, it does not waive the exemptions as to other non-released documents. *See Mobil Oil Corp. v. EPA*, 879 F.2d 698, 701 (9th Cir. 1989); *Students Against Genocide v. Dep't of State*, 257 F.3d 828 at 835-36 (rejecting plaintiff's argument "that by releasing some photographs . . . the government waived its right to withhold any others."). Here, the release of PowerPoint trainings under the FOIA does not defeat the use of Exemption 7(E) in this matter.

4

<u>***"And" and "or" have different meanings (Opposition at 12-13).***</u>  Plaintiff includes an array of examples to show the Court the difference between the words "and" and "or." But this discussion has no relevance to this case.  Exemption 7(E) in the FOIA statute says: "techniques **and** procedures."  5 U.S.C. § 552(b)(7)(E) (emphasis added).  Likewise, Mr. Baxley further explained that the "information withheld from the Plaintiff would cause a foreseeable harm to the agency if released by providing the law enforcement techniques **and** procedures used to verify eligibility for asylum allowing those seeking those benefits to alter their behaviors or answers to inquiries made by USCIS employees making recommendations on granting the benefits sought from the agency."  Baxley Declaration ¶ 14, J.R. 5 (emphasis added).  He did not say that just techniques were redacted, or just procedures.  Plaintiff's argument is therefore irrelevant.

<u>***"Techniques are different from procedures" (Opposition at 13-15).***</u>  Similarly, Plaintiff provides the dictionary definitions of the words "techniques" and "procedures," as well as some examples of irrelevant statutes that use just "techniques" or just "procedures."  But again: Mr. Baxley explained that both techniques and procedures are implicated here.  Plaintiff goes on to complain that Mr. Baxley did not "define the word 'technique.' Nor does he define 'procedure.'" Opposition at 15.  Plaintiff offers no authority suggesting that the Agency's declarant needed to define those words.

<u>***"Mr. Baxley states a conclusion, with very few facts" (Opposition at 15).***</u>  Plaintiff itself rebuts this argument in the very next section of its brief.  Mr. Baxley stated exactly what was redacted: the credible fear checklist.

<u>***A checklist is not a technique and procedure (Opposition at 15-17).***</u>  Again, Plaintiff rebuts its own argument by quoting the section of the Baxley Declaration explaining in detail why the checklist was properly withheld.  Plaintiff goes on to suggest that Mr. Baxley's tenure at USCIS

5

is too short for him to make the declaration. Opposition at 16. Plaintiff offers no authority to support this argument, and regardless, Mr. Baxley's prior government FOIA/PA experience is listed in his Declaration. Baxley Declaration ¶ 1, J.R. 1.

***The law should be made available to the public and should not be secret (Opposition at 17-21).*** Plaintiff argues that asylum applicants deserve to be told, "You qualify for asylum if you …and if you …. You do not qualify for asylum if you … or if you ….." Opposition at 17 (ellipsis in original). But asylum qualifications are not secret. Indeed, on page 10 of its brief, Plaintiff quotes relevant statutes and provides background on the not-at-all secret asylum process, including who can apply and what types of applicants are afforded certain types of hearings. Opposition at 10. The checklist at issue here is something different. The redacted information would not give an applicant information on how to *qualify* for asylum; rather, it would provide a roadmap for how to game the interview process.

### III.  CONCLUSION

For the reasons set forth above, the Court should grant Defendants' motion for summary judgment.

Respectfully submitted,

Erek L. Barron
United States Attorney

\_\_\_\_\_/s/_____
Matthew T. Shea (Bar No. 19443)
Assistant United States Attorney
36 S. Charles Street, Fourth Floor
Baltimore, Maryland 21201
(410) 209-4800
Matthew.Shea2@usdoj.gov

*Counsel for Defendants*