UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| African Immigrants Rights Council,<br><br>    Plaintiff,<br><br>    v.<br><br>Ur Jaddou and United States Citizenship and Immigration Services,<br><br>    Defendants. | Civil Action No. 8:24-cv-02584-LKG |

### DECLARATION OF JAMES BAXLEY

I, James Baxley, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.      I am the Associate Center Director and Chief Freedom of Information Act ("FOIA") Officer in the FOIA and Privacy Act ("FOIA/PA") Unit, National Records Center ("NRC"), United States Citizenship and Immigration Services ("USCIS"), within the United States Department of Homeland Security ("DHS"), in Lee's Summit, Missouri. I have held the position as Associate Center Director since June 17, 2024. I previously served in the United States Department of the Army since 2001. During my service at the Department of the Army, I served as a legal advisor on FOIA/PA issues and held multiple supervisory and leadership positions, to include, most recently, serving as Director for the Staff Action Control Office from January 2013 through June 2024. I received my Juris Doctor from the University of Pittsburgh School of Law in 1993 and am currently an active member of the District of Columbia Bar.

2.      As the Chief FOIA Officer for USCIS, I oversee the FOIA Branch Significant Interest Group ("SIG"), responsible for processing FOIA requests that are the subject of pending litigation as well as primarily non-Alien-File ("A-file") FOIA requests, and the FOIA Policy and Training ("POaT") Group, responsible for the development of USCIS

1

FOIA policy and training within the FOIA program. In my position, I work with over 200 information access professionals who are responsible for the orderly processing of all public, congressional, judicial, and inter-/intra-agency requests or demands for access to USCIS records and information pursuant to the FOIA, Privacy Act, Executive Orders, departmental directives, regulations, and compulsory legal process.

3. Through the exercise of my official duties as the Associate Center Director, I am familiar with USCIS's standard process for responding to FOIA requests, including search procedures for locating agency records.

4. The statements contained in this declaration are based on my personal knowledge and upon information provided to me by other USCIS employees in the course of my official duties.

5. A FOIA request submitted digitally was made by letter dated July 12, 2024, by an individual named Julias Nyerere, President Emeritus of African Immigrants Rights Council LLC ("AIRC"), 7507 Wheat Fall Drive, Derwood, Maryland, 20855. This request sought "a copy of the 'revised guidance to Asylum Officers to consider whether an asylum seeker could reasonably relocate to another part of the country of feared persecution when assessing claims of future persecution in all credible fear cases' that was issued on May 9, 2024." Nyerere's letter also sought a fee waiver for the request. A true and correct copy of the July 12, 2024 letter is attached as Exhibit A.

6. By letter dated July 16, 2024, USCIS acknowledged Plaintiff's request. USCIS assigned the request number COW2024005219. Additionally, USCIS granted a fee waiver. A true and correct copy of the July 16, 2024 letter from USCIS is attached as Exhibit B.

7.      By letter dated October 7, 2024, USCIS informed Plaintiff that it had processed his request and was releasing 3 pages in full and 2 pages in part.  Certain information was withheld pursuant to FOIA exemption 5 U.S.C. § 552(b)(7)(E).  A true and correct copy of the October 7, 2024 letter is attached as Exhibit C.

8.      The October 7, 2024 release letter and attached documents were addressed to the address provided by Julius Nyerere.  However, an attempt to send the material via United Parcel Service, ("UPS") could not be completed as UPS could not validate the address in its address system. A true and correct copy of a screen shot of the UPS address system's notification that this address cannot be validated is attached as Exhibit D.

9.      Upon being informed by UPS of the incorrect address, a search of Google Maps was instituted.  While there is a Wheat Falls Drive in Derwood, Maryland, there is no 7507 Wheat Falls Drive.  See https://www.google.com/maps/@39.1443051,-77.1574044,17z?entry=ttu&g_ep=EgoyMDI0MTAyMS4xIKXMDSoASAFQAw%3D%3D (last checked 12/3/24).  The release was eventually sent via email to Plaintiff's counsel by the Assistant United States Attorney representing Defendant in this matter.

10.     Exemption 7 of the FOIA establishes a threshold requirement, which must be met in order for certain information in the records subject to this litigation to be withheld on the basis of subpart (b)(7)(E).  Specifically, the redactions at issue must be contained within a record compiled for a law enforcement purpose.

11.     The information for which FOIA Exemption (b)(7) has been asserted in the instant matter satisfies this threshold requirement.  Pursuant to the Immigration and Nationality Act ("INA"), codified under Title 8 of the U.S. Code, the Secretary of Homeland Security is charged with the administration and enforcement of laws relating to the immigration and

naturalization of aliens, subject to certain exceptions. See 8 U.S.C. § 1103. USCIS has the responsibility to enforce federal immigration law pursuant to the INA through its adjudications of applications and petitions submitted to USCIS by individuals seeking immigration benefits from the United States government. Thus, these records, which were guidance to USCIS employees adjudicating applications and petitions by individuals seeking immigration benefits, were compiled for law enforcement purposes.

12. Exemption 7(E) protects law enforcement information which "would disclose techniques and procedures for law enforcement investigations or prosecutions or would disclose guidelines for law enforcement investigations or prosecutions, if such disclosure could reasonably be expected to risk circumvention of the law. See 5 U.S.C. § 552(b)(7)(E).

13. USCIS withheld documents pursuant to Exemption 7(E) that contain law enforcement information which would disclose techniques and procedures for law enforcement investigations where such disclosure could reasonably be expected to risk circumvention of the law. The information withheld was the credible fear checklist used by Immigration Officers to evaluate whether a noncitizen has demonstrated a significant possibility of establishing eligibility for asylum, statutory withholding of removal, or protection under the Convention Against Torture (CAT). Even if the law enforcement procedures and techniques on the checklist are generally known, the release of the checklist used to verify eligibility for asylum may reduce or nullify the procedures and techniques by allowing those seeking the benefits to tailor their responses to USCIS employees in such a way as to demonstrate eligibility even if the facts are not as they represent. Thus, the disclosure of this information would reveal procedures and techniques for the enforcement of immigration and national security laws and directives, and could reasonably be expected to risk the circumvention of law.

14.     When reviewing the redactions applied, the USCIS FOIA office conducted a foreseeable harm analysis on the withheld information. The FOIA Office considered whether any information could be segregated and released without causing a foreseeable harm to the agency and its operations. Based on this review of the processed records, the agency determined that no further segregation of meaningful information in the withheld portion of the documents described herein would be possible without disclosing information that warrants protection under the law. The information withheld from the Plaintiff would cause a foreseeable harm to the agency if released by providing the law enforcement techniques and procedures used to verify eligibility for asylum allowing those seeking those benefits to alter their behaviors or answers to inquiries made by USCIS employees making recommendations on granting the benefits sought from the agency. All other segregable information was released.

15. Following the processing of the request and release to the requester, the information was also placed on the USCIS public reading room on October 7, 2024, as three or more FOIA requests had been made for this information. The material can be located at https://www.uscis.gov/sites/default/files/document/memos/May92024DHSPressRelease.pdf (last visited December 3, 2024).

I declare under penalty of perjury that the foregoing is true and correct. Executed in Denver, North Carolina, on this 4th day of December 2024.

JAMES A BAXLEY
Digitally signed by JAMES A BAXLEY
Date: 2024.12.04 07:37:48 -06'00'

JAMES BAXLEY
Associate Center Director and Chief FOIA Officer
Freedom of Information Act & Privacy Act Unit
USCIS National Records Center