**Digital Request (Other) COW2024005474REQ**

Case supporting documents have been added to this request. Please check the documents tab.

## Description of Records Requested

**Purpose**: Revised guidance to asylum officers whether an asylum seeker could reasonably relocate   Please send us a copy of the "revised guidance to Asylum Officers to consider whether an asylum seeker could reasonably relocate to another part of the country of feared persecution when assessing claims of future persecution in all credible fear cases" that was issued on May 9, 2024.  This request is more fully described on the attached letter.

### Requestor's Full Name

Family Name (Last Name)          Nyerere
Given Name (First Name)          Julius
Middle Name
Organization                      African Immigrant Rights Council LLC

### Requestor's Mailing Address

In Care of Name
Address                          ████████████

City or Town                     ██████
State                            MD
Zip Code                         20855
Province
Postal Code
Country                          UNITED STATES

### Requestor's Contact Information

Requestor's Daytime Telephone Number
Requestor's Mobile Phone Number
Requestor's Email Address        ████████████

## Processing

Fees                             Fee waiver requested

Circumstances

**J.R. 6**

System-Generated

## Digital Request (Other) COW2024005474REQ

**Case supporting documents have been added to this request. Please check the documents tab.**

**J.R. 7**

July 12, 2024  FOIA Officer for US-CIS   Lee's Summit, MO

*Revised guidance to asylum officers whether an asylum seeker could reasonably relocate*

Please send us a copy of the "revised guidance to Asylum Officers to consider whether an asylum seeker could reasonably relocate to another part of the country of feared persecution when assessing claims of future persecution in all credible fear cases" that was issued on May 9, 2024.

This "revised guidance" is mentioned in the May 9, 2024 DHS Press Release:
DHS Announces Proposed Rule and Other Measures to Enhance Security, Streamline Asylum Processing
==== ==  ==

We request a fee waiver under 5 USC § 552(a)(4)(A)(iii): "disclosure is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government, and disclosure is not primarily in the commercial interest of the requester."

*Disclosure will contribute significantly to public understanding of asylum operations*

The public wants to know about asylum seekers, and how they are treated. The public wants to know if guidance to officers is accurate and in accord with the law. The public "has the right to check the math." *Freedom Coalition of Doctors for Choice v. Centers for Disease Control and Prevention*, 2024 WL 69084, at *14 (N.D.Tex. Jan. 5, 2024)[Requester wanted to see the government research about COVID vaccines]
We will publish the material, if it is newsworthy, on our website. This will reach "a reasonably broad audience of persons interested in the subject." *Bartko v. US DOJ,* 898 F.3d 51, 75 (D.C.Cir. 2018)

Prominent newspapers have published articles about asylum:
Editorial: ""Here's a deal to restore asylum, and order, at the border"
page A20 *The Washington Post*   Nov 28, 2023
Hackman, Michelle "Senators' Top Target in Border Talks: Tighter Asylum Rules for Migrants"  *Wall Street Journal* Nov 26, 2023

*Disclosure is not "primarily" in the commercial interest of the requester*

AIRC has no commercial interests. It charges no fees; it has no profits. It is a nonprofit organization, established to help immigrants. Disclosure is not in any way in the "commercial" interest of the requester. Disclosure is certainly not "primarily" in the commercial interest of the requester.
The purpose of AIRC is to help immigrants from Africa get legal status; to educate those immigrants; to get information from the U.S. government via the Freedom of Information Act, including filing, appealing and seeking judicial review of requests under that Act; and to help the immigrants in other ways as are proper.

J.R. 8

AIRC does not charge anyone any fees. Even if it did, the fact that a requester charges fees does not make his interests "primarily commercial." *Pfeiffer v. United States Department of Energy*, 2022 WL 2304069, at *7 (D.D.C.,June 27, 2022)[Pfeiffer may have made profits of $21,000 per year; but it was error to deny him a fee waiver.]

Fee waiver requests are liberally construed in favor of the requester. *Nat'l Sec. Counselors v. U.S. Dep't of Justice*, 848 F.3d 467, 473 (D.C. Cir. 2017).

Sincerely,

*Julius Nyerere,* President Emeritus
 African Immigrant Rights Council LLC