

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
*Refugee, Asylum, and International Operations Directorate*
*Asylum Division*
Washington, DC 20529-2100

U.S. Citizenship and Immigration Services

Date:  May 9, 2024

# Memorandum

TO:  All Asylum Division Staff

FROM:  John Lafferty
Chief, Asylum Division

*Digitally signed by JOHN L LAFFERTY*
*Date: 2024.05.09 16:32:59 -04'00'*

SUBJECT:  Updates to Credible Fear Checklist Related to Internal Relocation

**Purpose**

The purpose of this memo is to explain the latest revisions to the credible fear (CF) checklist related to evaluating internal relocation as part of the CF determination. These revisions apply to the CF checklist that is used to evaluate whether a noncitizen has demonstrated a significant possibility of establishing eligibility for asylum, statutory withholding of removal, or protection under the Convention Against Torture (CAT).

**Background**

The current CF checklist was last revised in February 2023, prior to the issuance of the Circumvention of Lawful Pathways (CLP) Rule.[1] As explained in the preamble to the CLP Rule, the Department of Homeland Security (DHS) and the Department of Justice (DOJ) (collectively, "the Departments") adopted that rule in order to:

- incentivize migrants to use lawful, safe, and orderly means for noncitizens to enter the United States to seek asylum and other forms of protection;
- provide core protections for noncitizens who would be threatened with persecution or torture in other countries; and
- build upon ongoing efforts to share the responsibility of providing asylum and other forms of protection to eligible migrants with the United States' regional partners.

To those ends, the CLP Rule applies a rebuttable presumption of ineligibility for asylum to certain individuals who enter the United States from Mexico at the southwest land border or

---

[1] Circumvention of Lawful Pathways, 88 FR 31314, 31316 (May 16, 2023).

adjacent coastal borders without documents sufficient for lawful admission.[2] The regulation further provides that the presumption of ineligibility for asylum applies in credible fear determinations and that, where there is not a significant possibility both that the presumption does not apply and that the presumption can be rebutted, the noncitizen will be screened for statutory withholding of removal and protection under CAT at the reasonable possibility of persecution or torture standard.[3] The Departments reasoned that using the reasonable possibility standard to screen for statutory withholding and CAT protection in cases where there is not a significant possibility that the CLP presumption of ineligibility for asylum does not apply will result in fewer individuals with non-meritorious claims being placed into removal proceedings under section 240 of the Immigration and Nationality Act (INA) and more quickly removing individuals who do not have a legal basis to remain in the United States, in addition to serving as a disincentive for migrants who would otherwise make the perilous journey to the United States without first attempting to use a lawful pathway or seeking protection in a country through which they travel.[4]

In CLP reasonable possibility screenings for statutory withholding of removal and protection under CAT, evidence related to whether it would be reasonable for a noncitizen to internally relocate to avoid persecution or torture is considered as part of the reasonable possibility of persecution or torture determination. Such determinations are documented through the CLP reasonable possibility checklist.

Where the CLP presumption of ineligibility for asylum does not apply or a noncitizen overcomes the CLP presumption during the CF interview (by demonstrating a significant possibility of being able to show by a preponderance of the evidence that they would be eligible for an exception or rebut the presumption), the traditional credible fear screening standard applies (a significant possibility of being able to show eligibility for asylum, statutory withholding of removal, or protection under CAT[5]).

**Justification**

Applicants for asylum do not have the burden to establish that internal relocation would not be available and/or reasonable in order to establish past persecution.[6] As such, asylum officers may not issue a negative CF determination after the applicant has established past persecution at the CF stage for factors listed under 8 CFR 208.13(b)(1)(i), which includes internal relocation.[7]

On the other hand, 8 CFR 208.13(b)(2)(ii) states that "an applicant does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality . . . if under all the circumstance it would be reasonable to expect the applicant to do so." As such, unlike past persecution, a noncitizen cannot establish a well-founded fear of future persecution if internal relocation is available and reasonable.

---

[2] 8 CFR 208.33(a)(1).
[3] 8 CFR 208.33(b)(2).
[4] 88 FR 31314 at 31337-8.
[5] INA 235(b)(1)(B)(v); 8 CFR 208.30(e)(2)-(3).
[6] 8 CFR 208.13(b)(1).
[7] *Kiakombua v. Wolf*, 498 F. Supp.3d 1, 42-43 (D.D.C. 2020) (asylum officers may not consider discretionary factors from 8 C.F.R. § 208.13(b)(1)(i) at credible fear stage).

As a matter of policy, asylum officers have most recently been instructed not to consider the possibility of internal relocation during CF screenings. Even though the regulations governing eligibility for asylum, statutory withholding of removal, and protection under CAT require consideration of internal relocation when assessing future persecution or torture, a policy of not requiring internal relocation to be considered in the CF screening was implemented as part of efforts to make CF processing more efficient and the February 2023 CF checklist reflected this policy.[8] Although not considering internal relocation in CF determinations may yield some short-term efficiency during the CF interview and determination, given that an individual who could safely and reasonably relocate to avoid future persecution or torture would not ultimately be able to establish eligibility for asylum, statutory withholding of removal, or protection under CAT where the claim is solely based on future harm, not considering internal relocation at the CF stage may result in a longer-term inefficiency. Accordingly, upon further consideration, USCIS is revising the policy of not considering internal relocation in the CF determination to instead permit asylum officers to issue negative credible fear determinations, at the appropriate screening standard, to noncitizens based upon internal relocation being available and reasonable where past persecution has not been established.[9] This change will avoid placing noncitizens who will not ultimately be eligible for asylum, statutory withholding of removal, or protection under CAT in the Asylum Merits Interview (AMI) process before USCIS or in Immigration Court proceedings, thereby preserving government resources and enhancing the ability of the Department to provide immigration consequences for noncitizens who have no valid basis to remain in the United States.

**Revisions to Credible Fear Checklist**

In order to better align the CF checklist with the screening standard for whether a noncitizen demonstrates a significant possibility of being able to establish eligibility for asylum, statutory withholding of removal, or protection under CAT for claims based solely on future persecution

---

[8] Prior to the February 2023 CF checklist revisions, consideration of internal relocation was included in the CF checklist. The language that was added in "Procedures for Asylum and Withholding of Removal; Credible Fear and Reasonable Fear Review," 85 FR 80274 (Dec. 11, 2020) ("Global Asylum Rule") at 8 CFR 208.30(e)(ii) instructing that officers shall consider the possibility and the reasonableness of internal relocation when assessing future harm was redundant at the time of the Global Asylum Rule's publication, because considering the availability and reasonableness of internal relocation was already part of any future harm analysis and included in the CF checklist. The fact that the Global Asylum Rule was enjoined on unrelated grounds (*Pangea Legal Servs. v. DHS*, 512 F. Supp. 3d 966 (N.D. Cal. 2021)) and did not go into effect did not impact the CF checklist at the time it was enjoined. Likewise, the regulatory revisions made in "Procedures for Credible Fear Screening and Consideration of Asylum, Withholding of Removal, and CAT Protection Claims by Asylum Officers," 87 Fed. Reg. 18078 (March 29, 2022) ("Asylum Processing IFR"), removing the Global Asylum Rule's 8 CFR 208.30(e)(ii) language, did not impact the CF checklist and the CF checklist remained the same following the Asylum Processing IFR going into effect on May 31, 2022. The latest CF checklist revisions that removed the internal relocation analysis in February 2023 were made as part of an initiative to make CF processing more efficient, as explained in the background section above.

[9] Asylum officers should continue to refer to training, in particular the Credible Fear Lesson Plan, for further explanation and processes related to internal relocation and past persecution claims. *See USCIS RAIO – Officer Training: Credible Fear of Persecution and Torture Determinations Lesson Plan* (May 9, 2024), https://cisgov.sharepoint.com/:w:/r/sites/AsylumPolicySync/_layouts/15/Doc.aspx?sourcedoc=%7B3F49809C-CF13-4660-A654-5FD1E9221389%7D&file=Credible%20Fear%20(CF)%20Lesson%20Plan.docx&action=default&mobileredirect=true.

or torture as explained above, the Asylum Division is revising the CF checklist as outlined below as of May 17, 2024. The revised CF checklist should be used for any CF determinations where the CF interview takes place on or after May 17, 2024.

(b)(7)(E)



---

[10] For asylum eligibility: 8 CFR 208.13(b)(2)(ii): "an applicant does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality or, if stateless, another part of the applicant's country of last habitual residence, if under all the circumstances it would be reasonable to expect the applicant to do so." For statutory withholding of removal eligibility: 8 CFR 208.16(b)(2): "an applicant cannot demonstrate that his or her life or freedom would be threatened if […] the applicant could avoid a future threat to his or her life or freedom by relocating to another part of the proposed country of removal and, under all the circumstances, it would be reasonable to expect the applicant to do so." For protection under CAT: 8 CFR 208.16(c)(3): "In assessing whether it is more likely than not that an applicant would be tortured in the proposed country of removal, all evidence relevant to the possibility of future torture shall be considered, including, but not limited to: […] (ii) Evidence that the applicant could relocate to a part of the country of removal where he or she is not likely to be tortured."

[11] Asylum officers should continue to refer to training, in particular the Credible Fear Lesson Plan, for processes and legal requirements related to internal relocation. *See USCIS RAIO – Officer Training: Credible Fear of Persecution and Torture Determinations Lesson Plan* (May 9, 2024), https://cisgov.sharepoint.com/:w:/r/sites/AsylumPolicySync/_layouts/15/Doc.aspx?sourcedoc=%7B3F49809C-CF13-4660-A654-5FD1E9221389%7D&file=Credible%20Fear%20(CF)%20Lesson%20Plan.docx&action=default&mobileredirect=true.

(b)(7)(E)

**No Change to Past Persecution Analysis**

Please note that there is no change to the current version of CF checklist related to the past persecution analysis. The CF checklist does not consider rebutting the presumption of well-founded fear where a noncitizen has shown a significant possibility of establishing eligibility for asylum based on past persecution under section 208 of the INA. A noncitizen who has demonstrated a significant possibility of establishing eligibility for asylum based on past persecution should generally be considered to have established a credible fear of persecution.[14]

**Updates to the Credible Fear Lesson Plan and Other Materials**

In accordance with the above, the Asylum Division has updated the currently operative Credible Fear Lesson Plan and is working to update related adjudicative and training materials to reflect this revised guidance.

**Questions**

Please contact the Asylum Division Quality Assurance Branch with any questions.

This memorandum is intended solely for informational purposes. It is not intended to, does not, and may not be relied upon to create or confer any right(s) or benefit(s), substantive or procedural, enforceable at law by any individual or other party in benefit applications before USCIS, in removal proceedings, in litigation with the United States, or in any other form or manner.

---

[12] 8 CFR 208.13(b)(2)(ii); 8 CFR 208.16(b)(2).
[13] 8 CFR 208.16(c)(3)(ii)
[14] *Kiakombua,* 498 F. Supp. 3d 1, 42-43 (D.D.C. 2020) (asylum officers may not consider discretionary factors from 8 C.F.R. 208.13(b)(1)(i) at credible fear stage).