# David L. Cleveland

## Attorney at law

1220 L Street NW #100
Washington DC 20005
(202) 812-8684
1949.david@gmail.com

March 31, 2025

Via CM/ECF

The Honorable Lydia Kay Griggsby
United States District Judge
6500 Cherrywood Lane
Suite 400
Greenbelt, Maryland 20770

      Re: Notice of Intent to File Motion for Leave to Supplement Record and Motion for Leave to File Sur-Reply in :

*African Immigrant Rights Council v. Ur Jaddou, et al.*, No. 8:24-cv-02584-LKG

Dear Judge Griggsby:

      Pursuant to Part II.A. of the Court's Case Management Order (ECF No. 14), Plaintiff African Immigrant Rights Council ["AIRC"] writes to provide notice of its intent to file a motion for leave to supplement the record and for leave to file a Sur-Reply. AIRC requests that the Court either schedule a pre-motion conference or instruct AIRC to file its proposed motions.

**Factual Background**: AIRC filed the Complaint in this case, seeking the release of a five-page Memorandum dated May 9, 2024. USCIS released about 80% of the document. Two large paragraphs were redacted; USCIS asserted that the paragraphs were exempt under FOIA Exemption (b)(7)(E).

      USCIS filed a Motion for Summary Judgment, ECF # 17; AIRC filed an Opposition, ECF # 18. In its Opposition, ECF # 18, AIRC noted that the five-page Memorandum at issue in this case discusses another document: a Lesson Plan, also dated May 9, 2024.

      Footnote 9 of the five-page Memorandum states:

Asylum officers should continue to refer to training, in particular the Credible Fear Lesson Plan, for further explanation and processes related to internal relocation and past persecution claims. *See USCIS RAIO-Officer Training: Credible Fear of Persecution and Torture Determinations Lesson Plan* (May 9, 2024). [emphasis in original]

Footnote 11 of the five-page Memorandum is quite similar to Footnote 9. Footnote 11 states:

Asylum officers should continue to refer to training, in particular the Credible Fear Lesson Plan, for processes and legal requirements related to internal relocation. *See*

1

*USCIS RAIO-Officer Training: Credible Fear of Persecution and Torture Determinations Lesson Plan* (May 9, 2024). [emphasis in original]

The USCIS RAIO-Officer Training, Credible Fear Lesson Plan, dated May 9, 2024 was recently released in full. It is 38 pages long. It was posted on the American Immigration Lawyers Association website on March 18, 2025. [AILA Doc. No. 25 031 801]

The 38-page Lesson Plan on Credible Fear has been released in full. It is attached hereto as Exhibit K. It has no redactions. The five-page Memorandum, at issue in this case, contains a "checklist" drawn from that Lesson Plan. If the Lesson Plan has been released in full, then of course a checklist should be released in full.

Mr. Baxley, at Paragraph 13 of his Declaration states that disclosing a checklist would allow "those seeking benefits to tailor their responses [in order to get undeserved benefits]." But disclosing a long Lesson Plan allows the same.

**Bases for AIRC's Proposed Motions**

THE CONTENTS OF THE 38-PAGE LESSON PLAN

This Lesson Plan instructs asylum officers about the "law" concerning asylum. It cites the U.S. Code, the Code of Federal Regulations, Memos from the agency, and case law.

For example, at page 21, the asylum officer is directed to consider the "demeanor" of the applicant. An applicant would then know that if he cries and acts upset while discussing his past harms, the officer will take that into account. A fraudster might fake tears to show his harm.
Page 25 states that the applicant must show that he was harmed due to his "race, religion…or political opinion." The applicant would then know he must show he was harmed due to one of those factors. Footnote 56 cites *Kiakombua v. Wolf*, 498 F. Supp. 3d 1, 42-43 (D.D.C. 2020). [Mr. Lafferty cited this cases twice in his five-page Memo]

The Lesson Plan, at page 28, note 65, cites *Kiakombua* again. A smart applicant will read that case himself.

Page 34 of the Lesson Plan says no relief if the applicant has been convicted of a particularly serious crime or has committed a serious nonpolitical crime. A fraudster with such a history might try to hide that history.

Mr. Baxley, at Paragraph 13 of his Declaration states that disclosing a checklist would allow "those seeking benefits to tailor their responses [in order to get undeserved benefits]." But disclosing the Lesson Plan allows the same.

THE 38-PAGE LESSON PLAN SHOULD BE MADE PART OF THE RECORD

Mr. Lafferty refers to the Lesson Plan twice in his five-page Memo. This makes the Lesson Plan very relevant to this case. It should be made part of the record in this case.

THE LESSON PLAN ALLOWS FOR NEW ARGUMENTS FOR AIRC; THEREFORE, A SUR-REPLY SHOULD BE ALLOWED

AIRC now can make new, logical arguments based on the Lesson Plan. The Court should allow AIRC to file a Sur-Reply.

Counsel for the parties have conferred via email. Undersigned counsel emailed agency counsel twice in March 2025; agency counsel declined to consent.

For these reasons, AIRC respectfully request that the Court schedule a pre-motion conference or instruct AIRC to file its proposed motions. Thank you for your consideration of these matters.

Respectfully submitted,

By: *David L. Cleveland*
David L. Cleveland
1220 L Street, NW #100
Maryland Bar # 13559; DC Bar # 424209
Washington, D.C., 20005
(202) 812-8684
1949.david@gmail.com
*Counsel for Plaintiff AIRC*

3