IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| AFRICAN IMMIGRANT RIGHTS COUNCIL, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, <br><br> Defendant. | Civil Action No. 24-cv-02584-LKG <br><br> Dated:  December 15, 2025 |

## MEMORANDUM OPINION

**I.   INTRODUCTION**

This civil action involved claims brought by the Plaintiff, African Immigrant Rights Council, against the Defendant, United States Citizenship and Immigration Services (the "USCIS"), pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. ECF No. 1. Pending before the Court is the Plaintiff's motion for attorney's fees and costs, brought pursuant to Section 552(a)(4)(E) of FOIA. ECF No. 30 at 1-2; ECF No. 30-1. The motion is fully briefed. ECF Nos. 30-1, 35, 36, 37 and 38. No hearing is necessary to resolve the motion. *See* L. R. 105.6 (D. Md. 2025). For the reasons that follow, the Court **GRANTS-in-PART and DENIES-in-PART** the Plaintiff's motion for attorney's fees and costs (ECF No. 30) **WITHOUT PREJUDICE**.

**II.   FACTUAL AND PROCEDURAL BACKGROUND**

**A. Factual Background**

In this FOIA case, the Plaintiff alleged that the USCIS violated FOIA by: (1) failing to produce a certain "revised guidance" document (the "Revised Guidance") in response to its FOIA request and (2) failing to make the Revised Guidance available for public inspection. *See generally* ECF No. 1. As relief, the Plaintiff requested, among other things, that the Court order the USCIS to produce and publicly disclose the Revised Guidance. *Id.* at Prayer for Relief.

As background, on July 12, 2024, the Plaintiff submitted a FOIA request to the USCIS requesting the disclosure of the "revised guidance to Asylum Officers to consider whether an

asylum seeker could reasonably relocate to another part of the country of feared persecution when assessing claims of future persecution in all credible fear cases that was issued on May 9, 2024."[1]  *Id.* at ¶ 8.  The Plaintiff's FOIA request also states that "[t]his 'revised guidance' is mentioned in the May 9, 2024 DHS Press Release."  *Id.* at ¶ 7.

The USCIS did not respond to the Plaintiff's FOIA request.  *Id.* at ¶ 17.  And so, the Plaintiff commenced this FOIA litigation on September 6, 2024.  *See generally id.*

On October 7, 2024, the USCIS produced a redacted version of the Revised Guidance to the Plaintiff and the agency also made this document publicly available by posting it on the USCIS's public reading room.  ECF No. 17-1 at 2-3.  The redacted version of the Revised Guidance contained redactions on two of its five pages.  *Id.* at 3.

After the USCIS produced a redacted version of the Revised Guidance, the Government filed a motion for summary judgment in this case on December 13, 2024.  ECF No. 17.  In the motion, the Government argued that it was entitled to summary judgment in its favor, because: (1) the Plaintiff's FOIA claims were moot, because the USCIS produced a redacted version of the Revised Guidance and (2) the USCIS properly withheld the redacted material in that document under Section 552(b)(7)(E) of FOIA ("FOIA Exemption 7(E)").  ECF Nos. 17 and 17-1.

Thereafter, the Plaintiff filed a response in opposition to the Government's motion for summary judgment on December 24, 2024.  ECF No. 18.  On January 28, 2025, the Government filed a reply brief.  ECF No. 19.

In March 2025, the USCIS produced an unredacted version of the Revised Guidance and made the unredacted version of this document publicly available by posting it on the USCIS's public reading room.  ECF Nos. 24 and 26.  After the USCIS publicly released the unredacted version of the Revised Guidance, the Court issued an Order granting the Government's motion for summary judgment on April 16, 2025, upon the grounds that the USCIS had produced the unredacted version of the Revised Guidance and made this document publicly available.  *See* ECF No. 29.

---

[1] The subject FOIA request was digitally submitted by the Plaintiff to the USCIS under the name Julius Nyerere.  ECF No. 35 at 4; *see also* ECF No. 20-2.  Mr. Nyerere is the former President of Tanzania who died in 1999.  ECF No. 35 at 4.  In 2024, several other FOIA requests were also submitted to the USCIS seeking the same information.  ECF No. 1 at ¶¶ 9-16.

2

**B. Procedural History**

On April 22, 2025, the Plaintiff filed a motion for attorney's fees and costs, pursuant to Section 552(a)(4)(E) of FOIA.  ECF No. 30.  On May 20, 2025, the Government filed a response in opposition to the Plaintiff's motion.  ECF No. 35.  On May 25, 2025, the Plaintiff filed a reply brief.  ECF No. 38.

The Plaintiff's motion for attorney's fees and costs having been fully briefed, the Court resolves the pending motion.

## III. LEGAL STANDARDS

**A. Eligibility And Entitlement To Attorney's Fees And Costs Under FOIA**

Section 552(a)(4)(E)(i) of FOIA provides that "[t]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed."  5 U.S.C. § 552(a)(4)(E)(i).  The statute also provides that a plaintiff has "substantially prevailed" in a FOIA case if the plaintiff has "obtained relief" through: (1) a "judicial order, or an enforceable written agreement or consent decree" or (2) a "voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial."  *Id.* § 552(a)(E)(i)-(ii).

In this regard, courts have held that FOIA requires "a prevailing plaintiff to show that it is both eligible for and entitled to fees."  *Nat'l Sec. Couns. v. CIA*, 811 F.3d 22, 27 (D.C. Cir. 2016); *see also Tax Analysts v. U.S. Dep't of Just.*, 965 F.2d 1092, 1093 (4th Cir. 1992).  To establish eligibility to recover attorney's fees and costs without winning court-ordered relief on the merits of a FOIA claim, the plaintiff must "show[] that the lawsuit was reasonably necessary and the litigation substantially caused the requested records to be released."  *See Burka v. U.S. Dep't of Health & Hum. Servs.*, 142 F.3d 1286, 1288 (D.C. Cir. 1998) (citation omitted); *Brayton v. Off. of the U.S. Trade Rep.*, 641 F.3d 521, 525 (D.C. Cir. 2011); *cf. Reinbold v. Evers*, 187 F.3d 348, 363 (4th Cir. 1999).  And so, "the mere filing of the complaint and the subsequent release of the documents is insufficient to establish causation" to be eligible for attorney's fees under FOIA.  *Weisberg v. U.S. Dep't of Just.*, 745 F.2d 1476, 1496 (D.C. Cir. 1984) (citation omitted).

If eligibility is established, the "[C]ourt must then evaluate four factors to decide whether [the plaintiff] is entitled to an award" of attorney's fees and costs.  *Reinbold*, 187 F.3d at 362.  In this regard, the Court considers: (1) the benefit to the public, if any, derived from the case; (2)

the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records sought; and (4) whether the Government's withholding of the records had a reasonable basis in the law. *See Nat'l Sec. Couns.*, 811 F.3d at 28 (quoting *Burka*, 142 F.3d at 1288); *cf. Reinbold*, at 362 n.16 (quoting *Gowan v. U.S. Dep't of Air Force*, 148 F.3d 1182, 1195 (10th Cir. 1998)) (applying the same standard in Privacy Act case). Under the second entitlement factor, the Court considers whether the party requesting fees was "indigent or a non-profit public group and not a large corporate interest." *Jarno v. DHS*, 365 F. Supp. 2d 733, 739 (E.D. Va. 2005). With regards to the third entitlement factor, the Court evaluates the "nature of the complainant's interest in the records sought." *Id.* at 740. And so, the "second and third factors, which are often considered together" evaluate whether a "plaintiff has sufficient private incentive to seek disclosure without attorney's fees." *Davy v. CIA*, 550 F.3d 1155, 1160 (D.C. Cir. 2008) (internal quotation marks and citations omitted).

### B. Reasonable Attorney's Fees And Costs

The United States Court of Appeals for the Fourth Circuit has held that the "proper calculation of an attorney's fee award involves a three-step process." *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013). "First, the court must 'determine the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate.'" *Id.* (quoting *Robinson v. Equifax Info. Servs.*, LLC, 560 F.3d 235, 243 (4th Cir. 2009)). The burden is on the fee applicant to produce evidence establishing the reasonableness of their hourly rate and the reasonableness of their requested hours. *McAfee*, 738 F.3d at 91; *Robinson*, 560 F.3d at 244 (citation omitted); *Marsh v. Bottoms Up Gentlemen's Club, LLC*, No. CV EA-23-1157, 2025 WL 2049980, at *8 (D. Md. July 22, 2025) (citation omitted). And so, to determine what is reasonable in terms of the hours expended by counsel and the hourly rate charged, the Court considers the following 12 factors set forth in *Johnson v. Ga. Highway Express Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), and adopted by the Fourth Circuit in *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978):

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience,

4

> reputation and ability of the attorney; (10) the undesirability of the
> case within the legal community in which the suit arose; (11) the
> nature and length of the professional relationship between attorney
> and client; and (12) attorney's fees awards in similar cases.

*Robinson*, 560 F.3d at 243-244 (quoting *Barber*, 577 F.2d at 226 n.28). But the Court is not required to analyze each of these factors individually, or to examine every factor. *Martin v. Mecklenburg County*, 151 F. App'x 275, 283 (4th Cir. 2005). Once the lodestar figure is calculated, the Court "subtract[s] fees for hours spent on unsuccessful claims unrelated to successful ones" and awards "some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Robinson*, 560 F.3d at 243-44 (internal quotation marks omitted).

Lastly, a prevailing party may also seek to recover costs and such costs may include "those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services." *Spell v. McDaniel*, 852 F.2d 762, 771 (4th Cir. 1988). And so, this Court has held that the cost of service of process, filing fees and attorney admission costs are reimbursable. *Butler v. PP&G, Inc.*, No. CV 20-3084-JRR, 2023 WL 6517593, at *4 (D. Md. Oct. 5, 2023).

## IV.  ANALYSIS

### A. The Plaintiff Is Eligible For Attorney's Fees And Costs

As an initial matter, the Plaintiff has shown that it is eligible to recover attorney's fees and costs in this FOIA matter, because it substantially prevailed on the FOIA claim in this case. Pursuant to Section 552(a)(4)(E)(i) of FOIA, the Court "may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). The statute also provides that a plaintiff has "substantially prevailed" in a FOIA case if it has "obtained relief" through: (1) a "judicial order, or an enforceable written agreement or consent decree" or (2) a "voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." *Id.* § 552(a)(E)(i)-(ii).

In this case, the litigation history of this FOIA dispute shows that Plaintiff substantially prevailed on its FOIA claim against the USCIS, because the Government voluntarily changed its position on releasing the unredacted version of the Revised Guidance after the Plaintiff commenced and litigated this FOIA lawsuit. In this regard, it is undisputed that the Plaintiff

commenced this FOIA litigation on September 6, 2024, after the USCIS failed to respond to its FOIA request seeking the Revised Guidance. ECF No. 1. It is also undisputed that the USCIS produced a redacted version of the Revised Guidance, and made this document publicly available by posting it on the USCIS's public reading room, on October 7, 2024—approximately one month after the Plaintiff filed the complaint. ECF No. 17-1 at 2-3.

Thereafter, the Plaintiff continued to pursue this FOIA litigation, by seeking to obtain the unredacted version of the Revised Guidance. *See* ECF No. 18 at 5-21; *see also* ECF No. 22 (the Plaintiff's request to file a sur-reply in opposition to the USCIS's motion for summary judgment). The Plaintiff was ultimately successful in accomplishing this goal, because the USCIS produced the unredacted version of the Revised Guidance to the Plaintiff, and made this document publicly available by posting it on the USCIS's public reading room, in March 2025. *See* ECF Nos. 24 and 26.

Given this, the litigation history of this case makes clear that the Plaintiff's commencement and continued litigation of this case was the catalyst that resulted in the USCIS's disclosure of the unredacted version of Revised Guidance. *See Brayton v. Off. of the U.S. Trade Rep.*, 641 F.3d 521, 524-25 (D.C. Cir. 2011); *cf. Reinbold v. Evers*, 187 F.3d 348, 363 (4th Cir. 1999). And so, the Plaintiff has substantially prevailed on its FOIA claim in this case and it is eligible to seek to recover the attorney's fees and litigation costs incurred in this case. *See Brayton*, 641 F.3d at 524-25.

**B. The Plaintiff Is Entitled To Attorney's Fees And Costs**

The Court is also satisfied that Plaintiff is entitled to recover attorney's fees and costs under FOIA. *Nat'l Sec. Couns. v. CIA*, 811 F.3d 22, 27 (D.C. Cir. 2016) (holding that FOIA requires "a prevailing plaintiff to show that it is both eligible for and entitled to fees"); *see also Tax Analysts v. U.S. Dep't of Just.*, 965 F.2d 1092, 1093 (4th Cir. 1992) (same). Once eligibility is established, the "[C]ourt must then evaluate four factors to decide whether [the plaintiff] is entitled to an award" of attorney's fees and costs. *Reinbold*, 187 F.3d at 362. And so, the Court considers: (1) the benefit to the public, if any, derived from the case; (2) the commercial benefit to the Plaintiff; (3) the nature of the Plaintiff's interest in the records sought; and (4) whether the Government's withholding of the records had a reasonable basis in the law. *See Nat'l Sec. Couns.*, 811 F.3d at 28 (quoting *Burka*, 142 F.3d at 1288); *cf. Reinbold*, at 362 n.16 (quoting

*Gowan v. U.S. Dep't of Air Force*, 148 F.3d 1182, 1195 (10th Cir. 1998)) (applying the same standard in Privacy Act case).

In this case, all four factors support awarding attorney's fees and costs to the Plaintiff. First, the Plaintiff has shown that there is a benefit to the public derived from this FOIA case. Notably, the USCIS granted the Plaintiff a fee waiver for its FOIA request under Section 552(a)(4)(iii), based upon its determination that "disclosure of [the Revised Guidance] is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(iii); *see also* ECF No. 38 at 4; ECF No. 1 at ¶ 7. Given this, the Court agrees that public benefitted from the disclosure of the Revised Guidance. *See Nat'l Sec. Couns.*, 811 F.3d at 28 (citation omitted); 5 U.S.C. § 552(a)(4)(iii).

Second, the evidence before the Court shows that the Plaintiff had a sufficient private interest to seek the disclosure of the Revised Guidance without attorney's fees and there was no commercial benefit to the Plaintiff from bringing this FOIA matter, because it is undisputed that the Plaintiff is a non-profit organization and its "mission" is to "offer educational resources[] and ensure access to critical information through the Freedom of Information Act." ECF No. 1 at ¶ 4; ECF No. 30-1 at 7; ECF No. 38 at 5-6; *see also Davy v. CIA*, 550 F.3d 1155, 1160 (D.C. Cir. 2008) (holding that the "second and third facts [are] often considered together" and "assess whether a plaintiff has sufficient private incentive to seek disclosure without attorney's fees." (internal quotation marks and citations omitted)). Lastly, while the USCIS initially maintained that the Revised Guidance was exempt from disclosure under FOIA Exemption 7(E), the agencies' decision to produce the unredacted version of the Revised Guidance once this litigation commenced calls into question whether the USCIS's justification for withholding this document had a reasonable basis in the law. *See* ECF No. 35 at 9-10.

The Government's argument that the Plaintiff is not entitled to recover attorney's fees and costs under FOIA is also not persuasive. The Government contends that the Plaintiff is not entitled to recover attorney's fees and costs, because its lawyer's "private interests . . . were the incentive to seek disclosure" of the Revised Guidance. ECF No. 35 at 9-10. But, the Government acknowledges that the Plaintiff is a non-profit organization and that other members of the public filed similar FOIA requests seeking the Revised Guidance. *See* ECF No. 38 at 5-6; *see also* ECF No. 1 at ¶¶ 4 and 9-16. It is also undisputed that the Plaintiff provided the

American Immigration Lawyers Association with a copy of the unredacted version of the Revised Guidance and that organization published the document on its website. ECF No. 38 at 5.

Given this, the evidence before the Court shows that the Plaintiff had a sufficient private incentive to seek disclosure of the Revised Guidance without attorney's fees. *See* ECF No. 38 at 5-6; ECF No. 1; *see also Davy*, 550 F.3d at 1160. And so, the Court is satisfied that the Plaintiff is eligible to recover attorney's fees and costs under FOIA. *See Nat'l Sec. Couns.*, 811 F.3d at 28; *cf. Reinbold*, at 362 n.16.

### C. The Plaintiff Has Not Shown That The Requested Attorney's Fees And Costs Are Reasonable.

While the Plaintiff has shown that it is eligible and entitled to recover attorney's fees and costs under FOIA, the Plaintiff has not met its burden to shown that the requested fees and costs are reasonable, given the nature and length of this FOIA litigation. *See McAfee v. Boczar*, 738 F.3d 81, 91 (4th Cir. 2013) (holding that the burden is on the fee applicant to produce evidence establishing the reasonableness of their hourly rate and the reasonableness of their requested hours). To determine what is reasonable in terms of the hours expended by counsel and the hourly rate charged, the Court considers the following 12 factors set forth in *Johnson v. Ga. Highway Express Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), and adopted by the Fourth Circuit in *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978):

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorney's fees awards in similar cases.

*Robinson v. Equifax Info. Servs.*, LLC, 560 F.3d 235, 243-44 (4th Cir. 2009) (quoting *Barber*, 577 F.2d at 226 n.28). Once the lodestar figure is calculated, the Court "subtract[s] fees for hours spent on unsuccessful claims unrelated to successful ones" and awards "some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Id.* (internal quotation marks omitted).

Here, the Plaintiff seeks to recover $36,580.00 in attorney's fees based upon 59 hours of work at a rate of $620.00 per hour. *See* ECF No. 38-4. But, the Plaintiff's submission to the Court makes clear that some of the requested attorney's fees are for work performed on another FOIA case. *See* ECF No. 38-4 (requesting 4 hours for Case No. 25-cv-257); *see also* ECF No. 30-5 (itemization of hours requested for Case No. 25-cv-257).

The Court also shares the Government's concerns that the time expended for certain tasks is excessive, given the nature of the work performed. *See* ECF No. 35 at 11-14. The Plaintiff also appears to improperly seek to recover attorney's fees for work that is clearly administrative or secretarial in nature. *See, e.g.*, ECF No. 30-3 at 1-2 (billing for "marking calendar," "checking Post Office website for service of process" and "double-checking secretarial work in downloading ECF #1 [the Complaint]").

In addition, the Plaintiff fails to explain how the issues in this FOIA case were "novel and difficult" to warrant the significant number of attorney hours expended in this case. *See* ECF No. 38 at 7. Lastly, the Plaintiff has not certified to the Court that the hourly billing rate for its attorney in this case reflects "the prevailing market rates" in the "community where the court sits." *See Nat'l Wildlife Fed'n v. Hanson*, 859 F.2d 313, 317-19 (4th Cir. 1988); *see also* ECF No. 30-1 at 15-18; ECF No. 338 at 14-15. [2]

Given these concerns, the Plaintiff simply has not shown that the requested hours for its attorney's fees are reasonable. And so, the Court will DENY-in-PART the Plaintiff's motion for attorney's fees and costs (ECF No. 30) WITHOUT PREJUDICE and allow the Plaintiff to address these concerns in a renewed motion for attorney's fees and costs.

## V.   CONCLUSION

For the foregoing reasons, the Court **GRANTS-in-PART and DENIES-in-PART** the Plaintiff's motion for attorney's fees and costs (ECF No. 30) **WITHOUT PREJUDICE**.

---

[2] To show that the $620.00 hourly rate in this case is reasonable, the Plaintiff relies upon the attorney's fees awarded in FOIA cases brought in the United States District Court for the District of Columbia and Fair Labor Standards Act cases brought in this Court. *See* ECF No. 30-1 at 15-18; ECF No. 30-2 at ¶¶ 8-11, 17-18, 31 and 36-37; ECF No. 38 at 14-15.

A separate Order shall issue.

**IT IS SO ORDERED.**

                                                  s/Lydia Kay Griggsby
                                                  LYDIA KAY GRIGGSBY
                                                  United States District Judge