IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| AFRICAN IMMIGRANT RIGHTS COUNCIL,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, *et al.*,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)  Civil Action No. 24-cv-02584-LKG<br>)<br>)  Dated: July 13, 2026<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

<u>**MEMORANDUM OPINION**</u>

**I.    INTRODUCTION**

This civil action involved claims brought by the Plaintiff, African Immigrant Rights Council, against the Defendant, the United States Citizenship and Immigration Services ("USCIS"), pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  ECF No. 1. Pending before the Court is the Plaintiff's renewed motion for attorney's fees and costs, pursuant to Section 552(a)(4)(E) of FOIA.  ECF No. 41.  The motion is fully briefed.  ECF Nos. 41 and 42.  No hearing is necessary to resolve the motion.  L.R. 105.6 (D. Md. 2025).  For the reasons that follow, the Court: (1) **GRANTS-in-PART** and **DENIES-in-PART** the Plaintiff's renewed motion for attorney's fees and costs (ECF No. 41) and (2) **AWARDS** the Plaintiff costs in the amount of **$402.00**.

**II.    BACKGROUND**

In this FOIA action, the Plaintiff alleged that USCIS failed to produce a certain "revised guidance" document in response to its FOIA request.  ECF No. 1.  On April 16, 2025, the Court granted the Defendant's motion for summary judgment and entered judgment summarily in favor of USCIS, after the agency produced the requested records to the Plaintiff.  ECF No. 29. Thereafter, the Plaintiff filed a motion to recover attorney's fees and costs on April 22, 2025. ECF No. 30.

On December 15, 2025, the Court issued a Memorandum Opinion and Order (the "December 15, 2025, Decision") that held, among other things, that: (1) the Plaintiff is eligible

for attorney's fees and costs under FOIA; (2) the Plaintiff is entitled to recover attorney's fees and costs under FOIA; but (3) the Plaintiff failed to provide sufficient information to show that the requested attorney's fees and costs are reasonable. ECF Nos. 39 and 40. Relevant to the pending motion, the Court also held that the Plaintiff had not shown that the requested attorney's fees are reasonable, because: (1) some of the requested attorney's fees are for work performed on another FOIA case; (2) the time expended for certain tasks in this case appear to be excessive, given the nature of the work performed; (3) the Plaintiff failed to explain how the issues in this case were novel and difficult, to warrant the significant number of attorney hours expended on the case; and (4) the Plaintiff also failed to certify that the hourly billing rate for its attorney reflects the prevailing market rates in this District. ECF No. 39 at 8-9.

Given this, the Court granted-in-part and denied-in-part the Plaintiff's motion for attorney's fees and costs. *Id.* at 9. In addition, the Court ordered the Plaintiff to file any renewed motion for attorney's fees and costs: (1) seeking only the attorney's fees and costs incurred in this FOIA case; (2) excluding all administrative and secretarial work from the number of attorney hours requested; and (3) providing a declaration by Plaintiff's Counsel that: (a) explains why the requested hourly rate is reasonable in light of hourly rates charged by counsel in similar civil litigation in the United States District Court for the District of Maryland; and (b) why the legal issues raised in this matter were "novel and difficult," to justify the number of attorney's hours sought to be compensated. ECF No. 40.

On January 10, 2026, the Plaintiff filed a renewed motion for attorney's fees and costs, seeking to recover attorney's fees in the amount of $35,040.00 and costs in the amount of $402.00 from USCIS. *See* ECF Nos. 41, 41-1 and 41-2. In the renewed motion, the Plaintiff excludes hours spent working on a separate matter (No. 25-cv-257) and it seeks attorney's fees for 25 hours for work performed in 2024, at an hourly rate of $752, 12 hours for work performed in 2025, at an hourly rate of $812, and "fees on fees" for eight hours of work performed on its fee application, at an hourly rate of $812. *See* ECF No. 41-2. The Plaintiff also seeks to recover $402.00 in costs. *Id.*

With regards to the administrative and secretarial work, the Plaintiff's Counsel, David L. Cleveland, Esq., states in his Declaration filed as an exhibit to renewed motion that: (1) "ECF # 30-3 itemizes 42.7 hours;" (2) "[i]tems deemed to be 'administrative and secretarial' total 1.1 hours;" but (3) Counsel declares that such tasks total 2 hours, and earlier, Counsel reduced the

42.7 hours to 30 hours and now Counsel further reduces the hours requested to 25 hours.  ECF No. 41-1 at 2.

Lastly, with regards to the novelty and difficulty of this case, the Plaintiff's Counsel states in his Declaration that: (1) USCIS had at least three lawyers working on this case; (2) this case involved Exemption (b)(7)(E) of FOIA, which Government agencies win on a regular basis given the relatively low bar set for agencies to justify withholding; and (3) the Government has a big advantage in cases under Exemption (b)(7)(E), because the Government's declarations are granted a presumption of good faith.  ECF No. 41-1 at 4-5.

On January 28, 2026, the Government filed a response in opposition to the Plaintiff's renewed motion.  ECF No. 42.

The Plaintiff's renewed motion for attorney's fees and costs having been fully briefed, the Court resolves the pending motion.

## III.   LEGAL STANDARDS

### A. Attorney's Fees And Costs

The United States Court of Appeals for the Fourth Circuit has held that the "proper calculation of an attorney's fee award involves a three-step process." *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013).  "First, the court must 'determine the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate.'"  *Id.* (quoting *Robinson v. Equifax Info. Servs.*, LLC, 560 F.3d 235, 243 (4th Cir. 2009)).  The burden is on the fee applicant to produce evidence establishing the reasonableness of their hourly rate and the reasonableness of their requested hours.  *McAfee*, 738 F.3d at 91; *Robinson*, 560 F.3d at 244; *Marsh v. Bottoms Up Gentlemen's Club, LLC*, No. 23-1157, 2025 WL 2049980, at *8 (D. Md. July 22, 2025).  And so, to determine what is reasonable in terms of the hours expended by counsel and the hourly rate charged, the Court considers the following 12 factors set forth in *Johnson v. Ga. Highway Express Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), and adopted by the Fourth Circuit in *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978):

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience,

3

> reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorney's fees awards in similar cases.

*Robinson*, 560 F.3d at 243-44 (quoting *Barber*, 577 F.2d at 226 n.28). But the Court is not required to analyze each of these factors individually, or to examine every factor. *Martin v. Mecklenburg County*, 151 F. App'x 275, 283 (4th Cir. 2005). Once the lodestar figure is calculated, the Court "subtract[s] fees for hours spent on unsuccessful claims unrelated to successful ones" and awards "some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Robinson*, 560 F.3d at 243-44 (internal quotation marks omitted).

Lastly, a prevailing party may also seek to recover costs and such costs may include "those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services." *Spell v. McDaniel*, 852 F.2d 762, 771 (4th Cir. 1988). And so, this Court has held that the cost of service of process, filing fees and attorney admission costs are reimbursable. *Butler v. PP&G, Inc.*, No. 20-3084, 2023 WL 6517593, at *4 (D. Md. Oct. 5, 2023).

## IV.   ANALYSIS

Having already determined that the Plaintiff is eligible and entitled to recover attorney's fees in this FOIA matter, the Court considers whether the Plaintiff has shown that the requested attorney's fees are reasonable. For the reasons that follow, the Plaintiff has not shown that the amount of attorney's fees requested in this case are reasonable, given the nature of this litigation. And so, the Court will DENY the Plaintiff's request for an award of attorney's fees.

### A.  The Plaintiff Has Not Shown The Requested Hourly Rates Are Reasonable

As an initial matter, the Plaintiff has not met its burden to show that the hourly rates requested in its renewed motion for attorney's fees are reasonable. In determining whether the attorney's fees requested in this case are reasonable, the Court first determines the lodestar figure by multiplying the number of reasonable hours expended times a reasonable hourly rate. *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013). In this regard, the Plaintiff has the burden of producing evidence establishing the reasonableness of the hourly rate and the reasonableness of the requested hours. *Id.* at 91; *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 244 (4th Cir.

4

2009); *Marsh v. Bottoms Up Gentlemen's Club, LLC*, No. 23-1157, 2025 WL 2049980, at *8 (D. Md. July 22, 2025).

In this case, the Plaintiff seeks to recover attorney's fees in the amount of $35,040.00, for approximately 45.0 hours of attorney work on this case. *See* ECF No. 41 at 5; ECF No. 41-2. While the Plaintiff represented to the Court in its original motion for attorney's fees that the hourly rate of its attorney was $620 (ECF No. 30 at 1), the Plaintiff now states in its renewed motion for attorney's fees that this hourly rate was $752 for 2024, $812 for 2025 and $834 for 2026, apparently relying upon the 2024 and 2025 hourly rates set forth in the Fitzpatrick Matrix for counsel with 35+ years of experience. ECF No. 41-1 at 3-4; ECF No. 41-2.

The Plaintiff neither explains the reason for the discrepancy regarding the requested hourly rate for its counsel, nor shows that its counsel actually billed the Plaintiff at the rates identified in its renewed motion for attorney's fees. *See generally* ECF Nos. 41 and 41-1. And so, there is conflicting evidence before the Court about the requested hourly rates in this case.

The Court also observes that counsel for the Plaintiff has not certified to the Court that the hourly rates requested in both the Plaintiff's original motion for attorney's fees and renewed motion for attorney's fees reflect "the prevailing market rates" in the "community where the court sits." *See Nat'l Wildlife Fed'n v. Hanson*, 859 F.2d 313, 317-19 (4th Cir. 1988); ECF Nos. 41 and 41-1. Given this, the Plaintiff has neither shown that the requested hourly rates were actually billed in this FOIA case, nor that these rates are reasonable. And so, the Court declines to award the requested attorney's fees. *See McAfee*, 738 F.3d at 88.

**B.  The Requested Number Of Attorney Hours Is Not Reasonable**

In addition to failing to adequately address the Court's concerns about the requested hourly rates in this FOIA matter, the Plaintiff has also not shown that the number of attorney hours requested for work on this litigation is reasonable. As discussed above, the Plaintiff seeks to recover attorney's fees for approximately 45.0 hours of attorney work on this case. *See* ECF No. 41 at 5; ECF No. 41-2. To determine what is reasonable in terms of the hours expended by counsel and the hourly rate charged, the Court considers the following 12 factors set forth in *Johnson v. Ga. Highway Express Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), and adopted by the Fourth Circuit in *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978):

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing

the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorney's fees awards in similar cases.

*Robinson*, 560 F.3d at 243-44 (quoting *Barber*, 577 F.2d at 226 n.28). These factors do not support a finding that the number of hours requested in this case is reasonable for several reasons.

First, the Court agrees with the Government that the Plaintiff is not entitled to recover the requested eight hours for "fees on fees," because those hours were not requested in the Plaintiff's original motion for attorney's fees. *Compare* ECF No. 30 at 1, *with* ECF No. 41 at 5. The Plaintiff also fails to explain why it should be awarded these "fees on fees," or how it calculated the eight hours requested. *See generally* ECF No. 41.

Second, the Plaintiff has not adequately addressed the concerns previously raised by the Court about the administrative and secretarial work that is included in its request for attorney's fees. The Plaintiff's Counsel represents in his Declaration that the "[i]tems deemed to be 'administrative and secretarial' total 1.1 hours" and that he "will declare that such tasks total 2 hours." ECF No. 41-1 at 2. But. Mr. Cleveland does not identify which items on the Plaintiff's billing records constitute "administrative and secretarial work." *See id.* And so, it is not possible for the Court to determine which hours have been eliminated to account for this category of work.

Third, the Court is not persuaded by the Plaintiff's argument that this case presented novel and difficult issues. While the Plaintiff correctly observes that USCIS invoked FOIA Exemption (b)(7)(E) in this case, to justify withholding the document requested in the Plaintiff's FOIA request, such a decision is not unique or novel. While the Plaintiff and its counsel understandably expended time challenging USCIS's use of this Exemption, the Court is not satisfied that the number of attorney hours that the Plaintiff now seeks is reasonable, given the nature of this litigation.

Given these concerns, the Plaintiff has also not shown that the number of attorney hours that it claims were expended in this FOIA litigation is reasonable.  And so, for this independent reason the Court must also DENY the Plaintiff's request for attorney's fees.

### C.  The Plaintiff's Requested Costs Are Reasonable

The Court is satisfied, however, that the Plaintiff's requested litigation costs, in the amount of $402.00, are reasonable and recoverable in this case.  It is well-established that a prevailing party may recover costs for "those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services." *Spell v. McDaniel*, 852 F.2d 762, 771 (4th Cir. 1988).  Based upon the itemization that the Plaintiff submitted to the Court, it appears that the Plaintiff incurred costs in the amount of $402.00 to pay the Court's filing fee for this case.  *See* ECF No. 30-3 at 1.  Given this, the Court is satisfied that the Plaintiff incurred these costs and that the costs are reasonable.  And so, the Court will **AWARD** the Plaintiff costs in the amount of **$402.00**.

## V.    CONCLUSION

In light of the foregoing, the Court:

> (1) **GRANTS-in-PART** and **DENIES-in-PART** the Plaintiff's renewed motion for attorney's fees and costs (ECF No. 41); and

> (2) **AWARDS** the Plaintiff costs in the amount of **$402.00**.

A separate Order shall issue.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge